UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TALK FUSION, INC., a Florida corporation,

      Plaintiff,

v.

                                                                         Case No. 8:11-cv-01134-VMC-AEP

J.J. ULRICH, an individual, JOE READ, an
individual, and I WOW WE, LLC, a Texas
limited liability company,

      Defendants.

_____/

**EMERGENCY MOTION FOR A TEMPORARY
<u>RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>**

Talk Fusion, Inc. ("**Talk Fusion**") respectfully moves this Court for a Temporary Restraining Order and a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Talk Fusion has filed a Complaint with the Court, which is incorporated herein and made a part hereof by reference. Talk Fusion has also filed the Affidavit of Robert Reina in support of this Motion. As stated in Talk Fusion's Complaint and Robert Reina's Affidavit, Defendants J.J. Ulrich ("**Ulrich**") and Joe Read ("**Read**") have demonstrated a pattern of violating multiple provisions of their contracts with Talk Fusion and other legal duties to Talk Fusion. Ulrich and Read, without Talk Fusion's permission, obtained confidential Talk Fusion Associates' identification numbers and passwords. They then designed a program using illegally obtained identification numbers and passwords to access Talk Fusion's servers and obtain other confidential information, including genealogy information of Talk Fusion Associates. They violated their contracts with Talk Fusion by selling sales aids to other Talk Fusion Associates.

They attempted to recruit Talk Fusion Associates away from their existing sponsors. They are currently disparaging Talk Fusion and soliciting Talk Fusion Associates to leave Talk Fusion and join I Wow We.

1. In continuation of the scheme outlined above, Ulrich and Read have:

    a. Illegally and in breach of their contracts with Talk Fusion acquired Talk Fusion's confidential, proprietary, and trade secret information including Associate identification numbers and passwords, and genealogy information; and

    b. Ulrich and Read have conspired with a Talk Fusion competitor, I Wow We, LLC ("I Wow We") to solicit Talk Fusion Associates and customers away from Talk Fusion and to I Wow We.

2. In *Merrill Lynch v. Bradley*, 756 F.2d 1048 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit held that <u>immediate</u> injunctive relief is necessary to avoid irreparable harm to Merrill Lynch and to maintain the *status quo*: "**An injunction even a few days after solicitation has begun is unsatisfactory because the damage is done. <u>The customers cannot be 'unsolicited.'</u>**" *Id*. at 1054 (emphasis added). *See also FMC Corp. v. Varco, Inc.*, 677 F.2d 500, 504 (5th Cir. 1982).

3. For the reasons stated in Talk Fusion's Complaint, unless Defendants are enjoined from using Talk Fusion's confidential, proprietary, and trade secret information and unless Defendants are enjoined from soliciting Talk Fusion's Associates and customers, Talk Fusion will be irreparably harmed by:

    a. Loss of Associates and customers;

    b. The disclosure and use of confidential, proprietary and trade secret information; and

      c.      Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

4.      Talk Fusion has no adequate remedy at law.

5.      Talk Fusion respectfully requests that injunctive relief be entered as expeditiously as possible to prevent further solicitation of Talk Fusion's Associates and customers and disclosure and use of Talk Fusion's confidential information pending further proceedings before this Court and/or referral to a United States Magistrate Judge (should the Court so desire) and pending ultimate resolution.

6.      Immediate injunctive relief is necessary to prevent further violations by Defendants. Defendants have already achieved a significant premeditated and deliberate unfair advantage in acquiring and using Talk Fusion's confidential information, and soliciting Associates and customers in willful violation of their legal obligations to Talk Fusion. Talk Fusion should not be further delayed in the granting of a temporary restraining order by the scheduling of a hearing on its request for immediate temporary injunctive relief. The harm to be inflicted each day by Defendants' use of Talk Fusion's confidential information and deliberate solicitation of Talk Fusion's Associates and customers is so imminent that a hearing is not practical. If a Temporary Restraining Order is not issued, Defendants will continue to use Talk Fusion's confidential information to damage Talk Fusion and solicit Talk Fusion's Associates and customers until this matter is set for hearing.

7.      Defendants may subsequently move to dissolve the injunction pursuant to Rule 65. On the other hand, if immediate injunctive relief is not entered, Talk Fusion will be prejudiced as Defendants will continue to solicit and benefit from their misappropriation of

confidential information, thereby irreparably harming Talk Fusion and deliberately destroying the parties' status quo before injunctive relief can be granted.

8.   Talk Fusion specifically and urgently submits that immediate injunctive relief is the only means by which the Court can properly do equity, prevent Defendants' premeditated scheme to inflict irreparable harm, and Defendants' attempts to capitalize upon their calculated misdeeds in knowing violation of Florida contract law, statutory obligations (Fla. Stat. §§688.002 *et seq.*) and common law duties.

9.   Talk Fusion is ready and willing to hold a hearing at the Court's very earliest convenience, but, in the interim, Talk Fusion otherwise respectfully submits that a Temporary Restraining Order should be issued immediately in order to prevent further harm pending such hearings and because it is true, as the Court stated in *Merrill Lynch v. Hagerty*, 808 F. Supp. 1555, 1558 (S.D. Fla. 1992), that "relief delayed is relief denied" in cases of this kind.

WHEREFORE, Talk Fusion respectfully prays that this Court **ORDER** and **DECREE** that:

(1)   Defendants Ulrich and Read be immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of Defendant I Wow We, until hearing and thereafter until further Order of this Court from:

> a)   soliciting, recruiting or otherwise initiating any further contact or communication with any Talk Fusion Associate or customer, with the exception of an Associate who was personally sponsored by Ulrich or Read, for the purpose of inviting recruiting, encouraging, or requesting to join I Wow We or any other network marketing business;

4

  b) using, disclosing, or transmitting for any purpose, including solicitation of said Associates and customers, the information contained in the records of Talk Fusion or concerning its Associates and customers, including, but not limited to the names, addresses, and genealogy information; and

  c) destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Defendants' possession or control which pertain to or which relate to any of the events alleged in the Complaint in this action.

 (2) Defendants, and anyone acting in concert or participation with Defendants, specifically including any agent, employee, officer, or representative of I Wow We, are further ordered to return to Talk Fusion's counsel any and all records, documents, and/or other types of information pertaining to Talk Fusion Associates and customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device), or memorialized in any other form, within twenty-four (24) hours of notice to Defendants or their counsel of the terms of this Order;

 (3) Defendants, and anyone acting in concert with Defendants, is precluded from reconstituting or in any way restoring any Customer Information deleted pursuant to this paragraph and returned to Talk Fusion pursuant to paragraph (2) above; and

(4) The parties be granted leave to commence discovery, including depositions, immediately in aid of preliminary injunction proceedings before this Court.

**SIVYER BARLOW & WATSON, P.A.**
401 East Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598
Attorneys for Plaintiff

/s/ Edward J. Kuchinski
Mahlon H. Barlow
Florida Bar No. 871117
Edward J. Kuchinski
Florida Bar No. 373745