UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TALK FUSION, INC., a Florida corporation,

        Plaintiff,

                                           Case No. 8:11-cv-01134-T-33AEP

v.

J.J. ULRICH, an individual, JOE READ, an
individual, and I WOW WE, LLC, a Texas
limited liability company,

        Defendants.

_____/

## TEMPORARY RESTRAINING ORDER

Upon consideration of Plaintiff's Complaint, Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, and the Affidavit of Robert Reina, and having determined that:

1.      Defendants, J.J. Ulrich ("Ulrich") and Joe Read ("Read"), are former independent Associates of Plaintiff, Talk Fusion, Inc. ("Talk Fusion"). Defendant, I Wow We, LLC, is a competitor of Talk Fusion.

2.      Talk Fusion is being injured by Ulrich's and Read's acquisition and use of Talk Fusion's confidential, proprietary, and trade secret information to solicit Talk Fusion's Associates and customers to leave Talk Fusion and join I Wow We. I Wow We is acting in concert with Ulrich and Read to solicit Talk Fusion's Associates and customers.

3.      Talk Fusion has suffered and will continue to suffer irreparable injury due to Defendants' conduct.

4.      Plaintiff has no adequate remedy at law.

5.      Greater injury will be inflicted upon Talk Fusion by denial of a temporary restraining order than would be inflicted upon Defendants by granting of such relief.  It is in the public's interest that the relief is granted to prohibit Defendants from violating their contractual and other duties to Talk Fusion.

6.      The relief granted herein without notice is necessary to prevent further harm to Talk Fusion pending resolution of the preliminary injunctive relief requested by Talk Fusion.

It is hereby ORDERED, ADJUDGED, AND DECREED that:

A.      The Motion is granted to the extent provided herein and is effective as of 5:00 p.m. this 24th day of May, 2011.

B.      Talk Fusion shall post security in the amount of $5,000.00 in accordance with Federal Rule of Civil Procedure 65(c) by no later than May 31, 2011.

C.      In accordance with Rule 65(b)(2), Fed. R. Civ. P., this Order shall remain in full force and effect until **5:00 p.m. on June 7, 2011**, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court.  Plaintiff's motion for preliminary injunction is hereby referred to the Magistrate Judge for report and recommendation.  A hearing to consider the motion for preliminary injunctive relief requested by Talk Fusion shall be held on **June 6, 2011**, **at 2:00 p.m.** before Judge Porcelli in Courtroom 10A of the Sam M. Gibbons U.S. Courthouse, located at 801 North Florida Avenue, Tampa, Florida 33602.

D.      Defendants Ulrich and Read are immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of Defendant I Wow We, until hearing and thereafter until further Order

of this Court from:

1)     soliciting, recruiting, or otherwise initiating any further contact or communication with any Talk Fusion Associate or customer, with the exception of an Associate who was personally sponsored by Ulrich or Read, for the purpose of inviting recruiting, encouraging, or requesting to join I Wow We or any other network marketing business;

2)     using, disclosing, or transmitting for any purpose, including solicitation of said Associates and customers, the information contained in the records of Talk Fusion or concerning its Associates and customers, including, but not limited to the names, addresses, and genealogy information; and

3)     destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Defendants' possession or control which pertain to or which relate to any of the events alleged in the Complaint in this action.

E.     I Wow We is immediately enjoined and restrained from using any of Talk Fusion's confidential information and acting in concert with Ulrich and/or Read to solicit or recruit any Talk Fusion Associate or customer to join I Wow We.

F.     Defendants, and anyone acting in concert or participation with Defendants, specifically including any agent, employee, officer, or representative of I Wow We, are further ordered to return to Talk Fusion's counsel any and all records, documents, and/or other types of information pertaining to Talk Fusion Associates and customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks,

computer hard drive and/or any other type of computer or digital information storage device), or memorialized in any other form, within twenty-four (24) hours of notice to Defendants or their counsel of the terms of this Order.

G.      Defendants, and anyone acting in concert with Defendants, is precluded from reconstituting or in any way restoring any Customer Information deleted pursuant to this paragraph and returned to Talk Fusion pursuant to paragraph (F) above.

H.      The parties are granted leave to commence discovery, including depositions, immediately in aid of preliminary injunction proceedings before this Court.

I.      Plaintiff is directed to obtain immediate service of process on Defendants.  In addition to the summons, complaint and this Temporary Restraining Order, Plaintiff must also serve all motions, briefs, affidavits, and exhibits submitted to the Court, as well as such additional affidavits or other papers upon which it will rely in seeking to convert the temporary restraining order into a preliminary injunction.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4