```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION

TALK FUSION, INC.,
a Florida Corporation,

        Plaintiff,

v.                                CASE NO:   8:11-cv-1134-T-33AEP

J.J. ULRICH, et al,

        Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Plaintiff Talk Fusion's Motion for Preliminary Injunction (Doc. # 2). Magistrate Judge Anthony E. Porcelli has filed his report recommending that the motion be granted as set forth in the Report and Recommendation (Doc. # 58).  All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).  Talk Fusion filed an Objection to the Report and Recommendation (Doc. # 59), and Defendants filed a Response to the Objection (Doc. # 63).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.   28 U.S.C. § 636(b)(1); <u>Williams v.</u>

Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

Talk Fusion objects to the Report and Recommendation to the extent that it does not enjoin Defendants from recruiting Talk Fusion Associates who joined Talk Fusion after May 9, 2011, and objects to and requests that the Court allow a computer expert to assist Talk Fusion's counsel in the review of any customer lists provided by Defendants Ulrich and Read.

Defendants respond that the limitation on the injunction to preclude Ulrich and Read from recruiting Talk Fusion Associates who joined before May 9, 2009 was a sound finding based upon the fact that Defendants Ulrich and Read would only be privy to Talk Fusion's Associates until the day they were terminated. Defendant Ulrich also requests that the Court

2

allow the parties to appoint an independent third party to review his Confidential Customer List as well as Talk Fusion's list of "Active" Associates, to compare the lists and to report the findings in order to expedite the process and prevent any partiality on behalf of Talk Fusion's representatives.

Upon consideration of the Report and Recommendation of the Magistrate Judge, all objections thereto and responses to objections timely filed by the parties and upon this Court's independent examination of the file, it is determined that the Magistrate Judge's Report and Recommendation should be adopted, Talk Fusion's objection regarding the May 9, 2009 limitation overruled, and Defendants' suggestion regarding a third party to review the Confidential Customer List incorporated. The Court, however, declines Defendants' suggestion to further restrict the preliminary injunction to "Active" members who joined Talk Fusion before May 9, 2011.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Magistrate Judge's Report and Recommendation (Doc. # 58) is adopted and incorporated by reference in this Order of the Court.

(2) Plaintiff Talk Fusion's Motion for Preliminary

3

Injunction (Doc. # 2) is **GRANTED** as follows:

A.  Mr. Ulrich and Mr. Read are enjoined until November 9, 2011 from recruiting Talk Fusion Associates for any other network marketing business, unless:

   i.  An Associate was personally sponsored by the individual seeking to conduct network marketing; or

   ii. An Associate joined Talk Fusion after May 9, 2011.

B.  If Mr. Ulrich and/or Mr. Read wishes to conduct network marketing business in which prohibited Associates may be recruited, albeit unintentionally, Mr. Ulrich and/or Mr. Read shall supply the prospective Customer List for screening to an independent computer expert mutually selected by the parties. Talk Fusion shall supply the necessary information to the independent computer expert to allow for a comparison of the lists and a determination of any overlapping. The Customer List and the information supplied by Talk Fusion shall only be viewed by the independent computer expert

4

and not provided by the independent computer expert to opposing counsel. The independent computer expert shall have seven (7) days to notify the parties of any conflicting or overlapping names to be removed by Mr. Ulrich and/or Mr. Read from a given network marketing operation.

C.  WowWe shall be enjoined from aiding Mr. Ulrich or Mr. Read in the solicitation of prohibited Talk Fusion Associates, or soliciting Talk Fusion Associates in concert with Mr. Ulrich or Mr. Read.

D.  The Defendants shall be enjoined from using or disclosing Talk Fusion's confidential and proprietary information and trade secrets, and shall immediately return any such information if in their possession.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of July, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5

Copies:

All Counsel of Record